UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

GERARDSON NICOLAS, an individual,

     Plaintiff,

     v.

COAST TO COAST GENERAL CONTRACTORS, INC.,
a Florida Corporation,

     Defendant.
_____/

## **COMPLAINT**

1.    Plaintiff, GERARDSON NICOLAS (hereinafter referred to as "Plaintiff" and "NICOLAS"), is an individual residing in Miami-Dade County, Florida.

2.    At all times material to this Complaint, Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., has owned and operated a contracting business specializing in exterior renovation services including but not limited to concrete restoration, installation of new glass railing and window systems, waterproofing, and painting at work sites throughout Miami-Dade, Broward, and Palm Beach Counties, Florida, with its corporate headquarters located at 613 South 21 Avenue, Hollywood, Florida 33020 in Broward County, within the jurisdiction of the Court.

3.    NICOLAS brings this action against COAST TO COAST GENERAL CONTRACTORS, INC. for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged race/national origin discrimination and retaliation in violation of Title VII of

the Civil Rights Act, 42 U.S.C. §2000 *et seq., a*nd the Florida Civil Rights Act (FCRA), Florida Statutes §760.01 *et seq*.

4.      Jurisdiction is conferred on this Court by 28 U.S.C. §§1331, 1337, 1343, and 1367.

5.      All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

6.      At all times material to this Complaint including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, COAST TO COAST GENERAL CONTRACTORS, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, NICOLAS alleges based upon information and belief, and subject to discovery, that at all times material to this Complaint including during the years 2018, 2019, 2020, and 2021, Defendant, COAST TO COAST GENERAL CONTRACTORS, INC. has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked with tools and equipment including but limited to concrete mixers, forklifts, hammers, drills, plyers, sponges, and caulk guns, all of which were all goods and/or materials moved in or produced for commerce; (b) handled, worked with, and sold concrete and painting materials, all of which were all goods and/or materials moved in or produced for commerce; and (c) processed credit, debit, and/or electronic payments by and for Defendant's customers through banks and/or merchant services companies.

7.      Based upon information and belief, the annual gross sales volume of Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021.

8.      At all times material to this Complaint, including but not necessarily limited to during the years of 2018, 2019, 2020, and 2021, COAST TO COAST GENERAL CONTRACTORS, INC. has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9.      NICOLAS is a Black individual of Haitian national origin.

10.     At all times material to this action, NICOLAS was an employee of COAST TO COAST GENERAL CONTRACTORS, INC. within the meaning of Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

11.     At all times material to this action, COAST TO COAST GENERAL CONTRACTORS, INC. was NICOLAS' employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

12.     During the three (3) year statute of limitations period between approximately May 2018 and January 2020, NICOLAS performed non-exempt duties as a Concrete technician and Operator for COAST TO COAST GENERAL CONTRACTORS, INC. at buildings-job sites in Miami-Dade County, with Plaintiff's primary job duties consisting of manual labor on construction sites such as mixing and repairing concrete, installing rebar, waterproofing, operating a forklift, caulking windows, and working with fencing.

13.     Throughout NICOLAS' employment with COAST TO COAST GENERAL CONTRACTORS, INC. during the three (3) year statute of limitations period between approximately May 2018 and January 2020, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendant failed to pay Plaintiff time and one-half wages for all of his actual overtime hours worked each week, with Defendant instead paying Plaintiff straight-time wages in cash for his overtime hours and without time and one-half compensation for his overtime hours as

required by the FLSA.

14.     During the three (3) year statute of limitations period between approximately May 2018 and January 2020, NICOLAS regularly worked Five (5) days per week for COAST TO COAST GENERAL CONTRACTORS, INC. with start times of approximately 8:00 a.m. and stop times of between approximately 5:00-5:30 p.m.—along with multiple weeks that included a Sixth (6) day on Saturday for approximately Eight (8) hours per day—regularly working between approximately Forty-Two (42) and Fifty (50) hours per week.

15.     Subject to discovery, based upon COAST TO COAST GENERAL CONTRACTORS, INC. paying NICOLAS at the regular rate of $17.00 per hour with straight-time wages in cash for his overtime hours, and Plaintiff being owed an average of between approximately Two and One-Half (2.5) and Ten (10) hours per week from Defendant during a total of approximately Seventy-Five (75) work weeks within the three (3) year statute of limitations period between approximately May 2018 and January 2020 at the half-time rate of $8.50 per hour [$17.00/2 = $8.50/hour], Plaintiff's unpaid overtime wages total between approximately $1,593.75 and $6,375.00 [$8.50/hour x 2.5-10 OT hours/week x 75 weeks = $1,593.75 to $6,375.00].

16.     Based upon information and belief, records of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by NICOLAS during the three (3) year statute of limitations period between approximately May 2018 and January 2020 are in the possession, custody, and/or control of COAST TO COAST GENERAL CONTRACTORS, INC.

17.     At all times material to this Complaint, COAST TO COAST GENERAL CONTRACTORS, INC. had knowledge of the hours worked by NICOLAS during the three (3) year statute of limitations period between approximately May 2018 and January 2020, but

Defendant nonetheless willfully failed to compensate Plaintiff at time and one-half his applicable regular rates of pay for all of his overtime hours worked for Defendant, with Defendant instead accepting the benefits of the work performed by Plaintiff while paying straight-time wages but without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

18.     The complete records reflecting the compensation paid by COAST TO COAST GENERAL CONTRACTORS, INC. to NICOLAS during the three (3) year statute of limitations period between approximately May 2018 and January 2020 are in the possession, custody, and/or control of Defendant.

19.     At all times material to this Complaint, NICOLAS satisfactorily performed his essential job duties for COAST TO COAST GENERAL CONTRACTORS, INC.

20.     In approximately late January 2020, NICOLAS was physically attacked in the course and scope of his employment with COAST TO COAST GENERAL CONTRACTORS, INC. by another laborer employed Defendant, Jairo Lopez—whose race was Hispanic—when Lopez came out of a portable bathroom on the jobsite after Lopez was angry that NICOLAS had been knocking on the door to the bathroom.

21.     After NICOLAS was attacked on the job in late January 2020 by Jairo Lopez, NICOLAS contacted COAST TO COAST GENERAL CONTRACTORS, INC. Supervisor, Meseal—whose race was Hispanic—to report the attack and NICOLAS spoke with a female employee in Hunan Resources about surveillance video which Plaintiff believed would show the attack by Lopez.  However, COAST TO COAST GENERAL CONTRACTOR, INC. directed NICOLAS to speak to Defendant's Project Manager, Marven—whose race was Hispanic—to explain the circumstances of Lopez's attack against Plaintiff.

22.     On January 30, 2020, COAST TO COAST GENERAL CONTRACTOR, INC.'s Safety Manager, Jules—whose race was Caucasian—met with NICOLAS in person at Defendant's Turnberry jobsite located in Sunny Isles and along with Defendant's Supervisor, Misael, present on the jobsite, surveillance video of the attack against Plaintiff was viewed.

23.     After watching the surveillance video on January 30, 2020, COAST TO COAST GENERAL CONTRACTOR, INC.'s Safety Manager, Jules, notified NICOLAS that he had purportedly committed in a safety violation by defending himself when Jairo Lopez physically attacked Plaintiff, in response to which NICOLAS expressed his belief that he was being subjected to discrimination because of his race, Black, and national origin, Haitian, but Jules subsequently notified NICOLAS that Defendant was terminating NICOLAS' employment purportedly for a safety violation and misconduct because the owner of the company purportedly said Plaintiff had to be fired, as part of which NICOLAS requested to speak to Defendant's owner or another member of upper management but Jules was refused Plaintiff's request.

24.     COAST TO COAST GENERAL CONTRACTORS, INC. subjected NICOLAS to disparate treatment because of his race, Black, and/or national origin, Haitian, when Defendant terminated Plaintiff's employment on January 30, 2020 while Defendant, based upon information and belief, transferred Jairo Lopez, a Hispanic employee, to another job site.

25.     The reasons proffered by COAST TO COAST GENERAL CONTRACTORS, INC. in late January 2020 for the termination of NICOLAS' employment were false and were a pretext for discrimination and retaliation against Plaintiff in violation of Title VII and the FCRA.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.     On February 4, 2020, NICOLAS dual filed a Charge of Discrimination against COAST TO COAST GENERAL CONTRACTORS, INC. with the United States Equal

Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging race and national origin discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*.  A copy of NICOLAS' EEOC Charge, Charge No. 510-2020-02275, is attached hereto as Exhibit A.

27.     On or around April 1, 2021, the EEOC issued a Notice of Right to Sue to NICOLAS in connection with Charge No. 510-2020-02275, see Exhibit B.

28.     This Complaint is being filed with the Court within Fifty (50) days of NICOLAS' receipt on or around April 6, 2021 of the EEOC's Notice of Right to Sue in connection with Charge No. 510-2020-02275 and Plaintiff has exhausted all administrative remedies on the Title VII claims pled in the Complaint.

29.     As of May 26, 2021, more than One Hundred and Eighty (180) days have passed since the filing of NICOLAS' Charge of Discrimination on February 4, 2020 and the FCHR did not issue any determination concerning NICOLAS' Charge.  As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," NICOLAS has exhausted all administrative remedies under Florida as well as Federal law.

30.     All conditions precedent to the institution of this action have either occurred or been waived.

**COUNT I**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e ET SEQ. - RACE & NATIONAL ORIGIN DISCRIMINATION**

Plaintiff, GERARDSON NICOLAS, reasserts and reaffirms the allegations of Paragraphs

1 through 30 as if fully set forth herein and further states that this is an action against COAST TO COAST GENERAL CONTRACTORS, INC. for race and national discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

31.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. §2000e-2(a)(1).

32.     At all times material to this action, COAST TO COAST GENERAL CONTRACTORS, INC. had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year within the meaning of 42 U.S.C. §2000e(b).

33.     In January 2020, NICOLAS was subjected to disparate treatment by COAST TO COAST GENERAL CONTRACTORS, INC. because of his race, Black, and/or national origin, Haitian, by, *inter alia*, COAST TO COAST GENERAL CONTRACTORS, INC. terminating NICOLAS' employment because of Plaintiff's race, Black, and/or national origin, Haitian, in violation of 42 U.S.C. §2000e-2(a)(1).

34.     Moreover, COAST TO COAST GENERAL CONTRACTORS, INC. treated other similarly situated employees more favorably than NICOLAS in 2020 by, *inter alia*, not disciplining or terminating employees who were not Black and/or Haitian who purportedly violated Defendant's policies and/or engaged in similar or worse conduct in the workplace than what NICOLAS was terminated for, because of unlawful disparate treatment against NICOLAS based upon his race, Black, and/or national origin, Haitian, in violation of 42 U.S.C. §2000e-2(a)(1).

35.     COAST TO COAST GENERAL CONTRACTORS, INC.'s disparate treatment of NICOLAS was so severe and pervasive that it altered, the terms, conditions, and privileges of NICOLAS' employment with Defendant culminating with the termination of Plaintiff's employment in January 2020.

36.     A motivating factor behind COAST TO COAST GENERAL CONTRACTORS, INC.'s termination of NICOLAS' employment in January 2020 was Plaintiff's race, Black, and/or national origin, Haitian, in violation of 42 U.S.C. §2000e-2(a)(1).

37.     COAST TO COAST GENERAL CONTRACTORS, INC.'s violations of Title VII were intentional and were done with malice and reckless disregard for NICOLAS' rights as guaranteed under the laws of the United States.

38.     NICOLAS has suffered lost earnings and employment benefits, emotional distress, loss of self-esteem and other injuries as a direct result of COAST TO COAST GENERAL CONTRACTORS, INC.'s violations of 42 U.S.C. §2000e-2(a)(1).

39.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), NICOLAS is entitled to recover from COAST TO COAST GENERAL CONTRACTORS, INC. his reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, GERARDSON NICOLAS, demands judgment against Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII**
**OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e *ET SEQ.***

Plaintiff, GERARDSON NICOLAS, reasserts and reaffirms the allegations of Paragraphs 1 through 30 as if fully set forth herein and further states that this is an action against COAST TO COAST GENERAL CONTRACTORS, INC. for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

40.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

41.     When NICOLAS defended himself from the physical attack in the workplace by Jairo Lopez in late January 2020, NICOLAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

42.     Likewise, when NICOLAS reported to COAST TO COAST GENERAL CONTRACTOR, INC.'s management in late January 2020 that he was attacked in the workplace by Jairo Lopez, NICOLAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

43.     Finally, when NICOLAS complained to COAST TO COAST GENERAL CONTRACTOR, INC.'s Safety Manager, Jules, on January 30, 2020 that Plaintiff believed he was being subjected to discrimination because of his race, Black, and national origin, Haitian, NICOLAS engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

44.     NICOLAS reasonably and in good faith believed in late January 2020 that COAST TO COAST GENERAL CONTRACTOR, INC. was subjecting Plaintiff to discrimination because of his race, Black, and national origin, Haitian, when NICOLAS report being attacked on the job and complained to Defendant's Safety Manager, Jules, that Plaintiff was being subjected to discrimination.

45.     COAST TO COAST GENERAL CONTRACTORS, INC. intentionally retaliated against NICOLAS on January 30, 2020 when, following NICOLAS' reports to management about being attacked by Jairo Lopez and expressing his belief that he was being subjected to discrimination because of his race, Black, and national origin, Haitian, Defendant terminated NICOLAS' employment, in violation of 42 U.S.C. §2000e-3(a).

46.     The fact that NICOLAS engaged in activity protected by Title VII was a motivating factor in COAST TO COAST GENERAL CONTRACTORS, INC.'s termination of Plaintiff's employment in January 2020, in violation of 42 U.S.C. §2000e-3(a).

47.      COAST TO COAST GENERAL CONTRACTORS, INC.'s unlawful retaliation against NICOLAS was intentional and done with malice and reckless disregard for NICOLAS' rights as guaranteed under Title VII.

48.     As a direct and proximate result of COAST TO COAST GENERAL CONTRACTORS, INC.'s unlawful retaliation against NICOLAS, Plaintiff has suffered damages and was deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem and other injuries as a direct result of COAST TO COAST GENERAL CONTRACTORS, INC.' violations of 42 U.S.C. §2000e-3(a).

49.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), NICOLAS is entitled to recover

his reasonable attorneys' fees and costs from COAST TO COAST GENERAL CONTRACTORS, INC.

WHEREFORE, Plaintiff, GERARDSON NICOLAS, demands judgment against Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

### COUNT III
### RACE & NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff, GERARDSON NICOLAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 30 above and further states that this is an action against COAST TO COAST GENERAL CONTRACTORS, INC. for race and national origin discrimination in violation of Florida Statutes §760.10(1).

50.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." F.S. §760.10(1)(a).

51.     At all times material to this action, COAST TO COAST GENERAL CONTRACTORS, INC. was an employer within the meaning of F.S. §760.02(7).

52.     At all times material to this action, NICOLAS was an employee of COAST TO COAST GENERAL CONTRACTORS, INC. within the meaning of F.S. §760.10(1)(a).

53.     At all times material to this action, NICOLAS has been an aggrieved person within

the meaning of F.S. §760.02(10).

54. In January 2020, NICOLAS was subjected to disparate treatment by COAST TO COAST GENERAL CONTRACTORS, INC. because of his race, Black, and/or national origin, Haitian, by, *inter alia*, COAST TO COAST GENERAL CONTRACTORS, INC. terminating NICOLAS' employment because of Plaintiff's race, Black, and/or national origin, Haitian, in violation of F.S. §760.10(1).

55. COAST TO COAST GENERAL CONTRACTORS, INC. treated other similarly situated employees more favorably than NICOLAS in 2020 by, *inter alia*, not disciplining or terminating employees who were not Black and/or Haitian who purportedly violated Defendant's policies and/or engaged in similar or worse conduct in the workplace than what NICOLAS was terminated for, because of unlawful disparate treatment against NICOLAS based upon his race, Black, and/or national origin, Haitian, in violation of F.S. §760.10(1).

56. COAST TO COAST GENERAL CONTRACTORS, INC.'s disparate treatment of NICOLAS was so severe and pervasive that it altered, the terms, conditions, and privileges of NICOLAS' employment with Defendant culminating with the termination of Plaintiff's employment in January 2020.

57. On January 30, 2020, COAST TO COAST GENERAL CONTRACTORS, INC. terminated NICOLAS' employment because of Plaintiff's race, Black, and/or national origin, Haitian, in violation of F.S. §760.10(1).

58. A motivating factor behind COAST TO COAST GENERAL CONTRACTORS, INC.'s termination of NICOLAS' employment in January 2020 was Plaintiff's race, Black, and/or national origin, Haitian, in violation of §760.10(1).

59.     COAST TO COAST GENERAL CONTRACTORS, INC.'s violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for NICOLAS' rights as guaranteed under the laws of the State of Florida, such that NICOLAS is entitled to punitive damages against COAST TO COAST GENERAL CONTRACTORS, INC. pursuant to F.S. §760.11(5).

60.     NICOLAS has suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of COAST TO COAST GENERAL CONTRACTORS, INC.'s violations of F.S. §760.10(1).

61.     Pursuant to F.S. §760.11(5), NICOLAS is entitled to recover his reasonable attorneys' fees and costs from COAST TO COAST GENERAL CONTRACTORS, INC. as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, GERARDSON NICOLAS, demands judgment against Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorneys' fees, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, GERARDSON NICOLAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 30 above and further states that this is an action against COAST TO COAST GENERAL CONTRACTORS, INC. for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

62.     Pursuant to F.S. §760.10(7), it is "an unlawful employment practice for an

employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

63.     At all times material to this action, COAST TO COAST GENERAL CONTRACTORS, INC. was an employer within the meaning of F.S. §760.02(7).

64.     At all times material to this action, NICOLAS was an employee of COAST TO COAST GENERAL CONTRACTORS, INC. within the meaning of F.S. §760.10(1)(a).

65.     At all times material to this action, NICOLAS has been an aggrieved person within the meaning of F.S. §760.02(10).

66.     When NICOLAS defended himself from the physical attack in the workplace by Jairo Lopez in late January 2020, NICOLAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

67.     Similarly, when NICOLAS reported to COAST TO COAST GENERAL CONTRACTOR, INC.'s management in late January 2020 that he was attacked in the workplace by Jairo Lopez, NICOLAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

68.     Finally, when NICOLAS complained to COAST TO COAST GENERAL CONTRACTOR, INC.'s Safety Manager, Jules, on January 30, 2020 that Plaintiff believed he was being subjected to discrimination because of his race, Black, and national origin, Haitian, NICOLAS engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

69.     NICOLAS reasonably and in good faith believed in late January 2020 that COAST TO COAST GENERAL CONTRACTOR, INC. was subjecting Plaintiff to discrimination because

of his race, Black, and national origin, Haitian, when NICOLAS report being attacked on the job and complained to Defendant's Safety Manager, Jules, that Plaintiff was being subjected to discrimination.

70.    COAST TO COAST GENERAL CONTRACTORS, INC. intentionally retaliated against NICOLAS on January 30, 2020 when, following NICOLAS' reports to management about being attacked by Jairo Lopez and expressing his belief that he was being subjected to discrimination because of his race, Black, and national origin, Haitian, Defendant terminated NICOLAS' employment, in violation of the FCRA, F.S. §760.10(7).

71.    The fact that NICOLAS engaged in activity protected by the Florida Civil Rights Act was a motivating factor in COAST TO COAST GENERAL CONTRACTORS, INC.'s termination of Plaintiff's employment on January 30, 2020, in violation of the FCRA, F.S. §760.10(7).

72.    COAST TO COAST GENERAL CONTRACTORS, INC.'s violations of §760.10 were intentional and were done with malice and reckless disregard for NICOLAS' rights as guaranteed under the laws of the State of Florida through the Florida Civil Rights Act, such that NICOLAS is entitled to punitive damages against NICOLAS pursuant to F.S. §760.11(5).

73.    NICOLAS has suffered lost earnings, emotional distress, loss of self-esteem and other injuries as a direct result of COAST TO COAST GENERAL CONTRACTORS, INC.'s violations of F.S. §760.10(7).

74.    Pursuant to F.S. §760.11(5), NICOLAS is entitled to recover his reasonable attorneys' fees and costs from COAST TO COAST GENERAL CONTRACTORS, INC. as a result of Defendant's violations of the FCRA.

WHEREFORE, Plaintiff, GERARDSON NICOLAS, demands judgment against

Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

**COUNT V**
**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff, GERARDSON NICOLAS, reasserts and reaffirms the allegations set forth in paragraphs 1 through 30 above and further states that this is an action against COAST TO COAST GENERAL CONTRACTORS, INC. for Overtime violations of the Fair Labor Standards Act, 29 U.S.C. §207.

75.     NICOLAS is entitled to be paid time and one-half of his applicable regular rate of pay for each hour he worked for COAST TO COAST GENERAL CONTRACTORS, INC. as a non-exempt Operator in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately May 2018 and January 2020.

76.     COAST TO COAST GENERAL CONTRACTORS, INC. knowingly and willfully failed to pay NICOLAS at time and one-half of his applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week during the three (3) year statute of limitations period between approximately May 2018 and January 2020.

77.     At all times material to this Complaint, COAST TO COAST GENERAL CONTRACTORS, INC. had constructive and actual notice that Defendant's compensation practices did not provide NICOLAS and other non-exempt Operators and laborers with time and one-half wages for all of their actual overtime hours worked between May 2018 and January 2020 based upon, *inter alia*, Defendant knowingly paying straight-time wages for hours worked in excess of Forty (40) hours per week by Plaintiff and other employees and thus failing to pay time

and one-half wages for the overtime hours that Defendant knew had been worked for the benefit of Defendant.

78.     By reason of the said intentional, willful and unlawful acts of COAST TO COAST GENERAL CONTRACTORS, INC., NICOLAS has suffered damages plus incurring costs and reasonable attorneys' fees.

79.     Based upon information and belief, at all times material to this Complaint, COAST TO COAST GENERAL CONTRACTORS, INC. did not have a good faith basis for its use of a straight-time for overtime compensation practice or Defendant's concomitant failure to pay time and one-half wages for all of the actual hours worked by NICOLAS and other non-exempt employees, as a result of which NICOLAS is entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

80.     NICOLAS has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from COAST TO COAST GENERAL CONTRACTORS, INC. all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

WHEREFORE, Plaintiff, GERARDSON NICOLAS, demands judgment against Defendant, COAST TO COAST GENERAL CONTRACTORS, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

GERARDSON NICOLAS demands trial by jury on all issues so triable.

Dated:  May 26, 2021                  Respectfully submitted,

                          By:    **KEITH M. STERN**
                                 Keith M. Stern, Esquire
                                 Florida Bar No. 321000
                                 E-mail:  employlaw@keithstern.com
                                 LAW OFFICE OF KEITH M. STERN, P.A.
                                 80 SW 8th Street, Suite 2000
                                 Miami, Florida 33130
                                 Telephone:  (305) 901-1379
                                 Fax:  (561) 288-9031
                                 Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO JOIN FORM

1.    I consent to be a party plaintiff in a lawsuit against Defendant, **Coast to Coast General Contractors, Inc.**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.    I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims.  I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.    I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.


*Gerardson Nicolas*
Gerardson Nicolas ▮▮▮▮▮▮
**Gerardson Nicolas**

# EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 510-2020-02275 |

| FLORIDA COMMISSION ON HUMAN RELATIONS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. GERARDSON  NICOLAS | ▮▮▮▮▮▮▮▮ | 1993 |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| COAST TO COAST GENERAL CONTRACTORS | 201 - 500 | (954) 446-2025 |

| Street Address | City, State and ZIP Code |
|---|---|
| 613 S. 21ST AVE,  HOLLYWOOD,  FL 33020 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| ☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN | | Earliest: 01-30-2020   Latest: 01-30-2020 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | | |
| ☐ OTHER *(Specify)* | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am a qualified Black Haitian individual. I was employed by the Respondent as an Operator for approximately two (2) years. On January 30, 2020 I was attacked by a Hispanic Employee, Mr. Jairo Lopez. Shortly after, I was terminated but Mr. Lopez was transferred to another job site.

I believe that I was subjected to discrimination based upon my race and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Gerardson Nicolas on 02-04-2020 12:54 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.  FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.  AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.  PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.  ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.  WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT C

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Gerardson Nicolas**
**1001 NW 148th**
**Miami, FL 33168**

From:  **Miami District Office**
**Miami Tower, 100 S E 2nd Street**
**Suite 1500**
**Miami, FL 33131**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **510-2020-02275** | **MAXIMILIAN FEIGE,**<br>**Investigator** | **(786) 648-5849** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Twanya Westmoreland*

Twanya Westmoreland
Digitally signed by Twanya Westmoreland
DN: cn=Twanya Westmoreland, o=EEOC, ou=Enforcement, email=Twanya.Westmoreland@eeoc.gov, c=US
Date: 2021.04.01 09:28:33 -04'00'

April 1, 2021

Enclosures(s)

**Paul V. Valenti,**
**District Director**

*(Date Issued)*

cc:   **Respondent Representative**
**Coast To Coast General Contractors**
c/o Jeffrey L. Price, Esq.
Niesen Price Worthy Campo, P.A.
5216 Sw 91st Drive
Gainesville, FL 32608

**Charging Party Representative**
Keith M. Stern, Esq.
Law Office of Keith M. Stern, P.A.
80 SW 8th Street, Suite 2000
Miami, FL 33130